FILED
CLERK
7/29/2022 11:18 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
DANIEL E. MARROQUIN,

                     Plaintiff,

      -against-

MICHELLE JENKINS, and
GNW TRANSPORT, INC.

                    Defendant.
----------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM AND ORDER**
22-CV-2558 (JMA) (ARL)

**AZRACK, United States District Judge:**

Plaintiff Daniel E. Marroquin ("Plaintiff") filed a complaint in New York State Supreme Court on March 4, 2022, asserting state law tort claims. Defendants Michelle Jenkins and GNW Transport, Inc. ("GNW," and collectively, "Defendants") removed the case to federal court on May 4, 2022. Plaintiff now seeks to remand this action back to state court on the ground that Defendants' removal was untimely. For the reasons stated below, Plaintiff's motion is denied.

### I. BACKGROUND

#### A. <u>Factual Background</u>

Plaintiff's complaint alleges that Defendant Jenkins operated a truck for GNW. (See Compl. ¶¶ 4-18, ECF No. 1-1.) Plaintiff alleges that, on March 9, 2021, Jenkins' vehicle struck a vehicle operated by the Plaintiff. (See id. at ¶¶ 19-23.) Plaintiff's complaint alleges that, as a result of Defendants' "negligence, carelessness and recklessness," he sustained a serious injury as defined by Section 5102(d) of the Insurance Law of the State of New York, and/or economic loss greater than basic economic loss as defined in Section 5102(a). (See id. at ¶¶ 25-26.) The complaint alleges that Plaintiff sustained damages "in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction over this matter." (See id. at ¶ 29.)

1

On October 11, 2021, Plaintiff underwent a cervical discectomy and annuloplasty. (See Exhibit A Operative Report, ECF No. 4-3.) On December 6, 2021, Plaintiff's counsel faxed Defendants' insurer, Nationwide Insurance Company, a packet of medical records with a demand that the insurer "tender" the policy limit of $1,000,000.00. (See Affidavit Certification of Counsel., ECF No. 4-2; Exhibit B Ltr. to Nationwide w/o enclosure., ECF No. 4-4.) Plaintiff's counsel subsequently contacted Nationwide on February 21, 2022 and learned that outside counsel, Lorne M. Ritter, Esq., had been retained on the matter. (See Ltr. to Affidavit Certification of Counsel, ECF No. 4-2.)

B. **Procedural History**

On March 4, 2022, Plaintiff filed the instant complaint in New York State Supreme Court, Nassau County, alleging tort claims for the injuries Plaintiff allegedly sustained as a result of the collision. (See Compl., ECF No. 1-1.) On March 12, 2022, Plaintiff served the complaint on GNW's statutory agent, the New York Secretary of State. (See Exhibit Affidavits of Service, ECF No. 4-7.) On April 5, 2022, Defendants served an *ad damnum* demand on Plaintiff's counsel. (See Exhibit Ex. C, ECF No. 8-3.) On April 22, 2022, Plaintiff provided a response to the demand indicating that he was seeking damages in the amount of $5,000,000. (See Exhibit Ex. D, ECF No. 8-4.)

On May 4, 2022, Defendants removed the case to federal court on diversity grounds, pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441. (See Notice of Removal, ECF No. 1.) Plaintiff then filed a timely a motion to remand this case back to state court. (ECF No. 4.)

## II.  DISCUSSION

### A.  Legal Standards

#### 1.  Relevant Provisions of 18 U.S.C. § 1446

A district court has diversity jurisdiction over civil actions where the amount in controversy exceeds $75,000 and there is diversity of citizenship. 28 U.S.C. § 1332(a)(1).  A defendant seeking to remove a civil action from state court must file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1).  However, "if the case stated by the initial pleading is not removable," the 30-day clock does not begin to run until the defendant receives "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Id. § 1446(b)(3).

#### 2.  Parties' Arguments

Plaintiff seeks remand on the ground that Defendants failed to remove this action within the prescribed 30-day limit set forth in 28 U.S.C. § 1446(b).  (See ECF No. 4.)  Plaintiff asserts that his December 6, 2021 pre-suit demand qualifies as an "other paper" under 28 U.S.C. §1446(b)(3), and that, as such, Defendants should have reasonably ascertained that Plaintiff was claiming damages over $75,000.00.  (Id.)  Thus, Plaintiff argues that the 30-day removal clock began when Defendants were served the complaint on March 21.  (Id.)

Defendants counter that removal was timely, contending that the "other paper" referenced in 28 U.S.C. § 1446(b) must post-date the initial pleading.  (See ECF No. 8.)  Defendants argue that removal was timely because the notice of removal was filed on May 4, within 30 days of Plaintiff's April 22 response to the *ad damnum* demand.  (See id.)

3

As explained below, Plaintiff's remand motion must be denied.

**B. Analysis**

On a motion to remand, the defendant bears the burden of establishing that removal was proper. See Cal. Pub. Employees' Ret. Sys. v. WorldCom, Inc., 368 F.3d 86, 100 (2d Cir. 2004).

In the complaint, Plaintiff claimed damages "in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction over this matter." (ECF No. 1-1.) This language is insufficient, standing alone, to establish that the case involved over $75,000 and, thus, was removable.[1] Plaintiff does not argue otherwise. The complaint, on its face, only establishes that the amount in controversy exceeds $25,000, not $75,000, and consequently, it did not trigger that 30-day removal clock under 28 U.S.C. § 1446(b)(1).

In Plaintiff's April 22 response to the *ad damnum* demand, Plaintiff explicitly demanded $5,000,000 in total damages. This response is an "other paper" under § 1446(b)(3), which explicitly established that Plaintiff's claim satisfied the $75,000 jurisdictional threshold for removal. Thus, the 30-day removal clock under 28 U.S.C. § 1446(b)(3) began to run on April 22, 2022 and Defendants' removal of the case on May 4, 2022—12 days after receipt of the response—is therefore timely.

Plaintiff's reliance on his December 6, 2021 pre-suit letter is unavailing. Plaintiff contends that the December 6 pre-suit demand—which sought $1,000,000—is an "other paper" under 28 U.S.C. § 1446(b)(3). (See ECF No. 4.) According to Plaintiff, Defendants should have ascertained that Plaintiff was claiming at least $75,000 in damages based on the December 6 letter and that, as

---

[1] New York CPLR requires that "[i]n an action to recover damages for personal injuries . . . the complaint . . . shall contain a prayer for general relief but shall not state the amount of damages to which the pleader deems himself entitled." N.Y. C.P.L.R. § 3017(c). Additionally, "[i]f the action is brought in the supreme court, the pleading shall also state whether or not the amount of damages sought exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction." Id. The jurisdictional limit of all the lower courts in New York is $25,000.00 exclusive of interest and costs. See N.Y. Const. Art. VI, § 11(a).

such, the 30-day removal clock began to run when Defendants were served the complaint on March 21. (Id.)

Decisions from district courts in the Second Circuit and decisions from other circuits have held that a pre-suit demand letter does not constitute an "other paper" under § 1446(b)(3) to trigger the 30-day removal clock. See Davis v. Espinal-Vazquez, No. 21-CV-7819, 2022 WL 2720731, at *4-5 (S.D.N.Y. June 22, 2022); Kuxhausen v. BMW Fin. Servs. NA LLC, 707 F.3d 1136, 1140-42 (9th Cir. 2013). The reasoning of these decisions is compelling. As the Ninth Circuit has explained:

> If the second paragraph of section 1446(b) were meant to include as "other paper" a document received by the defendant months before receipt of the initial pleading, the requirement that the notice of removal "be filed within thirty days after receipt by the defendant" of the "other paper" would be nonsensical. Moreover, that the second paragraph lists "an amended pleading, motion, order"—all documents which logically cannot predate the initial pleading—before "or other paper" leads us to conclude that "other paper" does not include any document received prior to receipt of the initial pleading.

Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 885–86 (9th Cir. 2010); see also Davis, 2022 WL 2720731, at *4.

This interpretation of § 1446 is also buttressed by the Second Circuit's decision in Cutrone v. Mortgage Electronic Registration Systems, Inc., 749 F.3d 137 (2d Cir. 2014). While Cutrone's specific holding concerned a different, but related, question under § 1446, Cutrone indicates that the 30-day removal clock is only triggered by "an initial pleading or subsequent document," id. at 143 (emphasis added), and explicitly relies on the Ninth Circuit's decision in Kuxhausen, which is cited above.

Plaintiff cites Butera v. Southwest Airlines Co., No. 12-CV-51, 2012 WL 3860802 (W.D.N.Y. Sept. 5, 2012), for the proposition that "a pre-suit settlement demand can constitute proof of the amount in controversy." (ECF No. 9). Butera, however, is clearly distinguishable.

5

Butera concerned a motion to remand filed by a plaintiff who argued that the amount in controversy requirement of § 1332(a) was not satisfied. While Butera held that a pre-suit letter can constitute evidence of the amount in controversy for purpose of such a challenge, Butera did not involve § 1446(b)(3) or address whether a pre-suit letter constitutes an "other paper." See Davis, 2022 WL 2720731, at *4 (distinguishing Butera); see also Cutrone, 749 F.3d at 146 (explaining that "whether a basis for removal exists and whether removal is timely are two separate questions").

Defendants' notice of removal was clearly timely.

### III.  CONCLUSION

For the reasons stated above, Plaintiff's motion seeking remand of this action is DENIED.

**SO ORDERED.**

Dated: July 29, 2022
      Central Islip, New York

                                                          /s/  (JMA)
                                          JOAN M. AZRACK
                                          UNITED STATES DISTRICT JUDGE